**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE<br>SHEILA HENRY | ) | CHAPTER 13<br>CASE NO.: 25-13169DJB |
| SHEILA HENRY,<br><br>Plaintiff,<br>v. | ) | ADV. NO. 26-00106-djb |
| US BANK, TRUST CO.,N.A., AS TRUSTEE AS SUCCESSOR IN INTEREST TO US BANK, N.A., AS TRUSTEE FOR THE EMC MORTGAGE LOAN TRUST 2004-A, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-A,<br><br>Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF ANY LIEN OF U.S. BANK TRUST CO, N.A.**

**AND NOW** comes, Defendant US Bank Trust Co., N.A., as Trustee, as successor-in-interest to US Bank, N.A., as trustee for the EMC Mortgage Loan Trust 2004-A, Mortgage Pass-through Certificate Series 2004-A, operating in this case through its servicer Select Portfolio Servicing, Inc.("Defendant"), by and through its undersigned counsel, and hereby moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) In support thereof, Defendant states as follows:

1. Sheila Henry (the "Debtor") commenced this action on January 29, 2026, seeking to discharge Defendant's mortgage lien on Debtor's property situated at 5129 Charles Street, Philadelphia, PA 19124. *See* Dkt. 1; Compl.
2. Debtor's Complaint is premised on the theory that a 2004 praecipe filed in the prior foreclosure action to "vacate and discontinue" the case extinguished the mortgage lien securing the loan. *See* Compl.

3. The Philadelphia County Court of Common Pleas docket confirms that Wachovia Bank obtained a foreclosure judgment against Debtor on May 15, 2003 based upon the mortgage executed in 1995.

4. Under Pennsylvania law, the entry of a foreclosure judgment causes the mortgage and note to merge into the judgment, and the rights of the parties thereafter derive from the judgment itself. *See Lance v. Mann*, 60 A.2d 35, 36 (Pa. 1948).

5. The merger doctrine, however, does not extinguish the mortgage lien securing the debt. Rather, the foreclosure judgment represents the continuation of the mortgage lien in judgment form and retains the priority of the underlying mortgage. *See Steinhardt v. Russian Orthodox Cath. Mut. Aid Soc'y*, 77 A.2d 391, 392–93 (Pa. 1951).

6. Thus, if the 2003 foreclosure judgment was never properly vacated, the judgment continues to embody the perfected mortgage lien against the Property.

7. Thus, the foreclosure judgment itself subsumes the mortgage lien, there is no pending "action" left to discontinue. *Id.*

8. Even if the 2004 praecipe could be read to vacate the judgment (which it cannot unilaterally do), that filing neither cancels nor releases the recorded mortgage lien. *Steinhardt v. Russian Orthodox Cath. Mut. Aid Soc'y*, 77 A.2d 391, 392–93 (Pa. 1951); *Bank of N.Y. v. Brown*, Case No. 11365 of 2007, 2014 Pa. Dist. & Cnty. Dec. LEXIS 292, at *2 (Lawrence Jan. 23, 2014).

9. Defendant is the current holder of the debt obligation secured by the mortgage and foreclosure judgment. Defendant's Proof of Claim No. 3 includes the promissory note, the recorded mortgage, and a complete chain of assignments demonstrating the transfer of the loan and corresponding security interest from Wachovia to Defendant.

10. Debtor's own payment history further confirms the continuing validity of the obligation, as the loan was reinstated after the foreclosure judgment and Debtor continued making payments on the loan for many years thereafter.
11. Because the debt obligation continued to be serviced and payments were being made, there was no practical reason to substitute parties in the state court proceeding.
12. Those assignments reflect the ordinary transfer of mortgage loans in the secondary mortgage market and establish Defendant as the current owner of the secured debt.
13. Accordingly, whether the lien is viewed as embodied in the foreclosure judgment or in the underlying mortgage, Defendant holds a perfected first-priority lien against the Property.
14. All case law relied on Debtor is distinguishable and/or inapplicable. *See* Compl.
15. Debtor's Complaint therefore fails to identify any legal basis upon which the lien securing Defendant's claim may be invalidated or avoided.
16. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint should be dismissed for failure to state a claim for which relief may be granted.

***WHEREFORE***, Defendant, respectfully requests that this Honorable Court grant this Motion and dismiss Plaintiff's Complaint in its entirety.

**ECKERT SEAMANS CHERIN**

**& MELLOTT, LLC**

By: _/s/ Nicholas F. Borsuk_
Nicholas F. Borsuk
Pa. ID. No. 316297
Benjamin P. Sheppard
Pa. ID. No. 331569
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000

Date: March 16, 2026