**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE<br>SHEILA HENRY | ) | CHAPTER 13<br>CASE NO.: 25-13169DJB |
| SHEILA HENRY,<br><br>Plaintiff,<br>v.<br><br>US BANK, TRUST CO.,N.A., AS TRUSTEE AS SUCCESSOR IN INTEREST TO US BANK, N.A., AS TRUSTEE FOR THE EMC MORTGAGE LOAN TRUST 2004-A, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-A,<br><br>Defendant. | ) | ADV. NO. 26-00106-djb |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF ANY LIEN OF U.S. BANK TRUST CO, N.A.**

**AND NOW** comes, Defendant US Bank Trust Co., N.A., as Trustee, as successor-in-interest to US Bank, N.A., as trustee for the EMC Mortgage Loan Trust 2004-A, Mortgage Pass-through Certificate Series 2004-A, operating in this case through its servicer Select Portfolio Servicing, Inc.("Defendant"), by and through its undersigned counsel, hereby files Defendant's Memorandum of Law in support of Defendant's Motion to Dismiss Complaint to Determine the Validity, Priority, or Extent of any Lien of US Bank Trust CO, N.A. (the "Motion"). In support thereof, Defendant states as follows.

## I. STATEMENT OF THE CASE

Sheila Henry's ("Debtor" or "Henry") Adversary Complaint argues that a 2003 foreclosure judgment obtained by Defendant's predecessor is no longer enforceable and Defendant cannot

demonstrate it is the current beneficiary and owner of the 2003 judgment. A true and correct copy of the Philadelphia County Court of Common Pleas docket is attached hereto as Exhibit "A." Pennsylvania law does not support that conclusion.

Pennsylvania's merger doctrine provides that once a foreclosure judgment is entered, the mortgage and note merge into the judgment and no longer exist as independent contractual obligations. *DeWitt's Appeal*, 76 Pa. 283 (1874). The foreclosure judgment therefore becomes the operative obligation between the parties. Because the mortgage merges into the judgment, there is no pending "action" remaining that may later be discontinued by praecipe. Thus, if the 2003 foreclosure judgment was never properly vacated, the judgment continues to embody the lien securing the debt.

Under Pennsylvania law, a foreclosure judgment derives its force from the mortgage lien itself and retains the priority of the underlying mortgage. The Pennsylvania Supreme Court has explained that a judgment entered on a mortgage obligation relates back to the date of the mortgage and derives its effectiveness from the mortgage lien, which continues until satisfied, discharged, or vacated. *Steinhardt v. Russian Orthodox Cath. Mut. Aid Soc'y*, 77 A.2d 391, 392–93 (Pa. 1951). Accordingly, whether the lien is viewed as embodied in the foreclosure judgment or in the underlying mortgage, it remains a perfected first-priority lien against the property.

The Complaint incorrectly asserts that Defendant cannot demonstrate a valid interest in the debt because the original foreclosure action was brought by Wachovia Bank, N.A., while the present creditor is Defendant. That argument ignores the well-established principle that mortgage loans are freely transferable and that the security interest follows the debt. Claim No. 3 filed in this case includes the promissory note, the recorded 1995 mortgage, and a complete chain of assignments demonstrating the transfer of the loan and mortgage interest to Defendant. Those

documents establish a continuous chain of ownership of the debt and lien and confirm that Defendant holds the secured claim at issue in this bankruptcy proceeding. A true and correct copy of the Claim No. 3 is attached hereto as Exhibit "B." Therefore, even if the judgment was not vacated by the praecipe and the assignments of mortgage recorded of record are void, the assignments of mortgage demonstrate a clear chain of ownership of the obligation owed by the Plaintiff.

The 2003 foreclosure judgment remains to be perfected first-priority lien on the Property, and Defendant properly demonstrated in Claim No. 3 that it is the current owner of the debt obligation. Accordingly, under *Twombly*/*Iqbal* and related authorities, the Complaint does not state any plausible avoidance claim and must be dismissed.

## II. BACKGROUND

Plaintiff is the owner of the property at 5129 Charles Street, Philadelphia 19124 (the "Property"). In January 2003, Wachovia Bank (successor to Fidelity Bank) ("Wachovia") sued Plaintiff in Philadelphia County Common Pleas Court to foreclose relating to her 1995 mortgage (Phila. Dkt. No. CV-2003-008515). *See* Ex. A. The Philadelphia docket confirms that a default judgment was entered in favor of Wachovia on May 15, 2003, in the amount of $35,217.24. *Id.* After judgment, Wachovia's counsel on June 16, 2004, filed a praecipe "to vacate" the judgment and another praecipe "to discontinue" the case. *Id.*

No satisfaction of the mortgage was ever recorded and no court order was entered discharging the lien against the Property.

Following the foreclosure proceedings, the loan was reinstated and Plaintiff continued making payments on the loan for many years thereafter. The loan was later serviced by Select Portfolio Servicing, Inc. ("SPS"), Defendant's loan servicer.

On August 8, 2025, Plaintiff filed her Chapter 13 petition, claiming Defendant's mortgage debt and attacking Defendant's lien on the Property. SPS filed Proof of Claim No. 3 on October 9, 2025, based on the 1995 mortgage and note (as modified) and its assignments ("Claim No. 3"). Claim No. 3 clearly demonstrates the chain of ownership from Wachovia to Defendant. Claim No. 3 includes the note, the recorded mortgage, and a complete chain of assignments demonstrating the transfer of the loan and corresponding security interest from Wachovia to Defendant. Plaintiff now seeks a judicial determination that this Claim No. 3 and the judgment are void. Today, Defendant brings this timely Motion.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2), requires that a complaint merely provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Doe v. Princeton Univ.*, 30 F.4th 335, 341-42 (3d Cir. 2022) (quoting Fed.R.Civ.P. 8(a)). A motion of a party seeking a complaint's dismissal under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *Id.* Critical to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The burden for a Motion to Dismiss rests wholly on the moving party to "show that no claim has been presented." *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The

Court must consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Since a ruling against a plaintiff on a Motion to Dismiss creates a determination on the merits at an early stage of a plaintiff's case, a plaintiff "is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn." S*ee Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Further, a court must find that a plaintiff will be unable to prevail even if the non-moving party proves all the allegations in the complaint. *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Iqbal*, 556 U.S. at 678.

The Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the nonmoving party." *DeBenedictis v. Merrill Lynch & Co., Inc.*, 492 F.3d 209, 216 (3d Cir. 2007).

Through this lens, the Court must then conduct a three (3) part analysis. First, this Court must note the elements plaintiff must plead. *Iqbal*, 556 U.S. 662, 675 (2009). Second, this Court should identify and disregard those allegations that, because they are no more than "the-[D]efendant-unlawfully-harmed-me accusation[s]," are not entitled to the assumption of truth. *Id.* at 678. Finally, this Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Finally, a facially plausible claim "allows th[is] [C]ourt to draw the reasonable inference that the Defendants [are] liable for the misconduct alleged." *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678).

Here, the Complaint does not state a plausible claim for which relief may be granted. As such, the Motion must be granted.

## IV. <u>LEGAL ARGUMENT</u>

Even taking the Complaint's allegations as true, the law forecloses the Debtor's claim.

### *i. The 2003 Foreclosure Judgment Is a Continuation of the Mortgage as a Perfected First Lien on the Property*

The 2003 foreclosure judgment represents the continuation of the mortgage lien as a perfected security instrument in the Property. Under Pennsylvania law, the entry of a foreclosure judgment causes the underlying contractual obligations of the mortgage and note to merge into the judgment. *Lance v. Mann*, 60 A.2d 35, 36 (Pa. 1948). Following judgment, the rights and obligations of the parties derive from the judgment rather than the mortgage contract itself. *Id.*

The merger doctrine, however, does not extinguish the mortgage lien securing the debt. To the contrary, Pennsylvania courts have long recognized that a foreclosure judgment remains an *in rem* lien derived from the mortgage itself. *See Steinhardt*, 77 A.2d at 392–93.

As the Pennsylvania Supreme Court explained in *Steinhardt*, where a judgment is entered on a mortgage obligation, the effectiveness of that judgment derives from the mortgage lien and relates back to the date of the mortgage. *Id.*

Thus, while the mortgage contract merges into the foreclosure judgment for purposes of enforcing contractual rights, the lien securing the debt remains attached to the property. The foreclosure judgment therefore represents the continuation of the mortgage lien in judgment form. Accordingly, the foreclosure judgment does not destroy the mortgage lien; it preserves and continues the lien as a perfected security interest against the mortgaged property.

Here, the Philadelphia County docket confirms that Wachovia Bank obtained a foreclosure judgment against the Debtor in May 2003. See Ex. A. That judgment embodied the

lien created by the recorded 1995 mortgage and preserved the mortgage's perfected first-priority status against the Property. The 2003 judgment therefore represents the continuation of the mortgage lien as a perfected security interest against the Property.

*ii. The 2003 Judgment Remains Enforceable by Defendant*

Under Pennsylvania law, a mortgage lien continues to encumber property until it is satisfied or formally released of record. *See* 21 P.S. § 721-4. The right to enforce a mortgage and the corresponding foreclosure judgment follows the ownership of the underlying debt obligation. *See U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 995 (Pa. 2009). Debtor's Complaint identifies no recorded satisfaction of the 1995 mortgage, no court order releasing the lien, and no instrument discharging the mortgage from the public record. *See* Compl. Furthermore, the Debtor does not claim that the foreclosure judgment was satisfied or vacated. *See* Compl.

More importantly, the record establishes that Defendant is the current holder of the debt obligation secured by the mortgage and foreclosure judgment. Claim No. 3 filed in this case includes the promissory note, the recorded mortgage, and a complete chain of recorded assignments demonstrating the transfer of the loan and corresponding security interest from the original lender, Wachovia Bank, to Defendant. *See* Ex. B.

Those assignments reflect the ordinary transfer of mortgage loans in the secondary mortgage market and demonstrate that Defendant now holds the debt and the corresponding lien securing that obligation.

Furthermore, that the lien and underlying debt continued to be treated as valid by all parties. Debtor reinstated the loan after the foreclosure judgment and continued making payments on the loan for many years thereafter. The loan was later boarded by Defendant's servicer in 2016, and Debtor continued making payments through 2025.

Because the loan was performing during that time, there was no practical reason to reopen the foreclosure action or seek substitution of parties in the state court proceeding. The judgment was not being enforced and the debt obligation continued to be serviced in the ordinary course.

The documented chain of assignments, together with Debtor's own payment history, confirms that Defendant is the current owner of the debt obligation secured by the Property and therefore the proper party entitled to enforce the corresponding lien.

Accordingly, even under Debtor's theory that the foreclosure judgment was vacated, the recorded mortgage lien, and the perfected first-priority security interest securing Defendant's debt claim, remained in full force and effect. And if that is not Defendant's argument but that the foreclosure judgment was never satisfied or vacated, then the foreclosure judgment remains fully enforceable.

*iii. Debtor's legal theories are untenable*

Debtor relies on *In re Stendardo*, *In re A & P Diversified Technologies Realty, Inc.*, and *In re Faulkner* to argue that the mortgage and note merged into the foreclosure judgment and that subsequent assignments of the mortgage are therefore invalid and subsequent assignments of the mortgage are therefore invalid. Compl. ¶¶ 15, 20. That argument misapplies the merger doctrine and misreads the cases on which Debtor relies.

In *Stendardo*, the Third Circuit addressed whether a mortgagee could recover certain post-judgment expenses under provisions of the mortgage after obtaining a foreclosure judgment. 991 F.2d 1089, 1094–95 (3d Cir. 1993). The court held that because the mortgage contract had merged into the judgment, the mortgagee could not rely on contractual provisions of the

mortgage to recover additional amounts unless those rights were preserved in the judgment itself. *Id.*

Similarly, in *A & P Diversified*, the Third Circuit applied the merger doctrine to determine whether a lender could enforce certain contractual fee provisions after entry of a foreclosure judgment. 467 F.3d 337, 341 (3d Cir. 2006). The court again explained that the parties' contractual rights under the mortgage merge into the judgment following foreclosure. Id.

Neither decision holds that the mortgage lien securing the debt disappears after judgment or that the creditor's interest in the debt and lien cannot later be transferred. Rather, those cases address the limited proposition that contractual provisions of a mortgage cannot be enforced after judgment unless preserved in the judgment itself. To the contrary, Pennsylvania law recognizes that a foreclosure judgment is an *in rem* judgment derived from the mortgage lien, and that the lien continues to encumber the property until satisfied or released. *Steinhardt*, 77 A.2d at 392–93.

Accordingly, the merger doctrine limits enforcement of contractual mortgage provisions after judgment but does not extinguish the lien itself or prohibit transfer of the creditor's interest in the debt and lien.

Here, Claim No. 3 filed in this bankruptcy case includes the promissory note, the recorded 1995 mortgage, and a complete chain of assignments demonstrating the transfer of the loan and mortgage interest to Defendant. Ex. B. Those documents establish a continuous chain of ownership of the secured debt and demonstrates that Defendant holds the debt obligation secured by the Property.

Thus, regardless of whether the lien is viewed as embodied in the foreclosure judgment or in the underlying mortgage, Defendant holds a perfected first-priority lien on the Property.

## V. CONCLUSION

For the reasons set forth above, the Debtor's Complaint fails to state a plausible claim for relief. Pennsylvania law makes clear that the 2003 foreclosure judgment represents the continuation of the mortgage lien as a perfected security interest against the Property. The record further demonstrates that Defendant is the current holder of the debt obligation secured by that lien, as reflected by the promissory note, recorded mortgage, and complete chain of assignments included in Claim No. 3. Debtor's reliance on the merger doctrine and related case law does not support the conclusion that the lien securing the debt was extinguished. Therefore, this Court must dismiss the Complaint with *prejudice*.

**ECKERT SEAMANS CHERIN**
**& MELLOTT, LLC**

By: */s/ Nicholas F. Borsuk*
Nicholas F. Borsuk
Pa. ID. No. 316297
Benjamin P. Sheppard
Pa. ID. No. 331569
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000

Date: March 16, 2026