# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| SHEILA HENRY | : | CASE NO: 25-13169DJB |
| Debtor | : | |
| SHEILA HENRY | : | |
| Plaintiff | : | ADV. NO. 26-106 |
| v. | : | |
| US BANK TRUST CO., N.A., AS TRUSTEE, as successor in interest to US BANK, N.A, AS TRUSTEE for the EMC MORTGAGE LOAN TRUST 2004-A, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-A | : | |
| Defendant | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT

Before the Court is the Motion to Dismiss filed by the Defendant in the above-captioned adversary proceeding (the "Motion"). Debtor/Plaintiff Sheila Henry submits that the Motion should be denied for the following reasons.

## FACTUAL AND PROCEDURAL BACKGROUND

This adversary proceeding should serve as a warning to mortgage servicers that the all too familiar practice of taking a judgment in a court of competent jurisdiction, and failing to follow correct post-judgment procedures has consequences.

While the Court must construe all the facts in the Complaint as true for purposes of the motion, *see infra*, here the relevant underlying facts are simply not in dispute or capable of dispute. Debtor filed the above-captioned bankruptcy case on August 8, 2025. Debtor had, as of the petition date, an ownership interest in real property located at 5129 Charles St., Philadelphia PA 19124 (the "Property").[1]

Debtor's interest in the Property was subject to a lien arising out of a mortgage executed in favor of First Fidelity Bank, N.A., by Debtor and recorded in the Office of the Recorder of Philadelphia County on September 28, 1995 in Mortgage Book No. 1734, Pg. 455 (the "1995 Mortgage"), which was the basis of a foreclosure lawsuit and judgment in 2003: Wachovia Bank, N.A. v. Henry, No. 021204673 (Phila. Comm. Pleas). (hereinafter the "Wachovia Foreclosure" and the "Wachovia Judgment").[2]

Admittedly, Wachovia filed a "praecipe" in an attempt to vacate the Wachovia Judgment, an action which is the gravamen of this Complaint. Debtor asserts that the praecipe was not a valid method to vacate the Wachovia Judgment, and that judgment therefore still stands as of the petition date and this date.[3]

Notwithstanding the existence of the Wachovia Judgment, Wachovia, and then various subsequent entities caused to be recorded, post-judgement, in the Office of the Recorder of

---

[1] Complaint ¶¶ 9-10

[2] Wachovia was successor-by-merger to Fidelity Bank, a fact demonstrated by the documentation attached to Proof of Claim No. 3 at p. 37 of 53. Compl. ¶ 11-13, and at n. 2

[3] Compl. ¶¶ 14-15. Def's Mem., Exh. A.

Philadelphia County, several assignments of the 1995 Mortgage. It is this chain of assignments that is the basis of Proof of Claim No. 3, filed by Defendant in this case[4]

The Complaint alleges that the post-judgment assignments of mortgages and notes, documented in Claim No. 3, are invalid, under the doctrine of merger, more fully discussed below.[5] It is important to note that Plaintiff's Complaint never makes an allegation that the Wachovia Judgment is invalid or that it does not continue to be a security interest on the property. Instead, Plaintiff relies upon the fact that the Wachovia Judgment has never been assigned or marked to the use of the Defendant.[6] Indeed, this is a fact that is accepted by the Defendant by its attachment of Exhibit A to the Motion, a copy of the docket report for the Wachovia Foreclosure.[7]

**LEGAL STANDARD AND ARGUMENT**

Defendant cite the proper standard review for a motion to dismiss under Fed. R. Bank. P. 7012(b)(6), namely that the Court must construe all the allegations of the Complaint as true and that dismissal is warranted only if, construing those facts in their most favorable light, the Complaint still does not state a claim upon which relief can be granted. Defendant' Mem. at 3-4. The facts alleged in the Complaint, however, are more than sufficient to state causes of action objecting to Proof of Claim No. 3 and the extent and validity of the mortgage lien asserted by Defendant in that claim.

---

[4] Compl. ¶¶ 16-18; Def's Mem. at 9 ("Here, Claim No. 3 filed in this bankruptcy case includes . . . ")

[5] Compl. ¶¶ 20-21.

[6] Compl. ¶ 25.

[7] The docket report is The Court may take judicial notice of the judgment as recorded on the public docket. Fed. R. Evid. 201.

The crux of Debtor/Plaintff's complaint is the undisputed fact that the mortgage loan was reduced to a judgment in foreclosure in 2003 by a prior mortgage holder, i.e the Wachovia Bank, and that the mortgage and note underlying that debt merged into the judgment. The Complaint also asserts that the praecipe filed by Wachovia lacked any legal effect, citing to M&T Bank v. Faulkner (In re Faulkner), 593 B.R. 263, 285-88 (Bankr. E.D. Pa 2018), in which now-retired Judge Eric L. Frank found that process to be ineffective to vacate a judgment.[8] Defendant does not challenge or even address this legal principal.

Upon entry of a foreclosure judgment "the terms of a mortgage [and note] are merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties." In re Stendardo, 991 F.2d 1089, 1094–95 (3d Cir. 1993). "'The cause of action is merged int the judgment, which then evidences a new obligation.'" Id. (*quoting* Lance v. Mann, 360 Pa. 26, 60 A.2d 35, 36 (1948) (emphasis added)).

While admitting that the Wachovia Judgment is valid, Defendant either misconstrues or attempts to reframe Plaintiff's cause of action as alleging that the merger doctrine somehow extinguishes the mortgage lien. Def. Mem at 6. That, however, is clearly not what Plaintiff alleges:

> *The only possible secured claim arising out of the 1995 Mortgage, as of the petition date, is the Wachovia Judgment.*

\

> *There is no evidence that the Wachovia Judgment was assigned to any entity.*

Compl. ¶¶ 24-25. Thus it is clear that Plaintiff does not dispute the existence of the lien evidenced by the merger of the note and mortgage into the Wachovia Judgment, but rather disputes Defendant's ownership of that debt and lien.

[8] Compl. ¶ 15.

There is ample legal support for Plaintiff's position. In re Foy, 469 B.R. 209, 214 (Bankr. E.D. Pa. 2012), while deciding the effect of a judgment on a credit card debt rather than a mortgage, the court noted that the difference between the judgment and underlying loan documents is a distinction with a difference: "Because the Judgment was entered on July 14, 2010, the Accounts ceased to exist as of that date. Therefore, this Court finds that Chase's assignment of the Accounts after July 14, 2010, without reference to the Judgment constitutes a legal nullity."

In Best v. Galloway (In re Best), 417 B.R. 259, 268 fn. 3 (Bankr. E.D.Pa. 2009), the court granted stay relief to third-party purchasers at a mortgage foreclosure sheriff sale, following a foreclosure judgment in favor of Ameriquest. Ironically, it was the homeowner in that case, Mr. Best, relying upon a upon a post-judgment assignment of mortgage from Ameriquest to American Residential Equities to assert that Ameriquest could not execute on its foreclosure judgment by sheriff sale. While not deciding the merits of the issue, Bankruptcy Judge Bruce I. Fox did take the time to note:

> Mr. Best's challenge to Ameriquest's right to execute on its foreclosure judgment by sheriff sale of the realty contained the legal assumption that a mortgagee can validly assign a mortgage after the entry of a foreclosure judgment (as opposed to assigning the judgment itself), which assumption may not be correct under Pennsylvania law, owing to the doctrine of merger.
>
> . . .
>
> It would appear that Ameriquest Mortgage Co. had the right under state law to assign its foreclosure judgment. . . . here there is no evidence that it did so.

Id. (citations omitted). See, also, In re Houston, Case No. 25-10016DJB, Doc. Nos. 35-36 (findings of fact and conclusions of law made on the record, granting claim objection to proof of claim of LVNV, based upon doctrine of merger and judgment in favor of alleged assignor) (Bankr. E.D. Pa., Apr. 17, 2025).

Here, there is no question as to what Defendant's Claim No. 3 is based upon, a fact that Defendant double-downs upon in its Memorandum of Law:

> Here, Claim No. 3 filed in this bankruptcy case includes the promissory note, the recorded 1995 mortgage, and a complete chain of assignments demonstrating the transfer of the loan and mortgage interest to Defendant. Ex. B. Those documents establish a continuous chain of ownership of the secured debt and demonstrates that Defendant holds the debt obligation secured by the Property.

Def. Mem at 9. What Defendant fails to do, however, is cite any authority that one can assign the note and mortgage after they have merged into a judgment that has not been properly vacated. As the Honorable Bruce Fox might have noted: Wachovia had the right to assign the judgment in foreclosure. Here, there is no evidence that it did so.

Defendant's citations to US Bank v. Mallory, 982 A.2d 986 (Pa. Super 2009) is grossly misplaced. That decision simply states that a foreclosure complaint is not facially invalid where the plaintiff alleges ownership of the mortgage, notwithstanding that it had not yet recorded the mortgage. That has no relevance to the instant facts: a judgment in foreclosure in favor of a completely different entity than Defendant, with no assignment of that judgment. Similarly, the fact that a judgment based on a mortgage relates back to the recording of the mortgage for lien priority, Steinhardt v. Russian Orthodox Cathoic Mut. Aid Soc. of U.S., 77 A2d 393, 395 (Pa. 1951), is all well and good, but it does not address Debtor's allegations: under the doctrine of merger: can the underlying documents reflect an assignment of the judgment where there is no reference to the judgments in the assigned documents. The Complaint asserts that answer is no. See Best, Foy, supra.

Assuming, *arguendo*, that there was something unique about mortgages so that post-judgment assignments of mortgage can be seen to evidence assignment of the judgment based on that mortgage, then the Complaint must still stand. Plaintiff's Complaint also seeks to determine the

extent of the secured claim. Even if successful in demonstrating its ownership of the Wachovia Judgment, Defendant is still bound "to whatever consequences flow from the effect of its entry and the doctrine of merger." Faulkner, 593 B.R. 263, 289.

This court is well-familiar with the doctrine of merger, which has often been used by debtors to eliminate post-judgment fees, costs, and escrow advancements added by creditors to proofs of claims. In this case, that could be significant given that Debtor clearly made payments for twenty-plus years following the 2003 Wachovia Judgment. Indeed, if those payments were applied to the judgment rather than underlying contractual terms, the result of this litigation may well be that Defendant will end up owing Plaintiff a refund.

**CONCLUSION**

For the reasons stated above the Court should deny the Motion or, in the alternative, allow Plaintiff the opportunity to amend the Complaint.

/s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
Community Legal Services of Philadelphia
1410 W. Erie Ave.
Philadelphia PA 19140
(215) 215 227 4795
amadrid@clsphila.org