**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE<br>SHEILA HENRY | ) | CHAPTER 13<br>CASE NO.: 25-13169DJB |
| SHEILA HENRY,<br><br>Plaintiff, | ) | |
| v. | ) | ADV. NO. 26-00106-djb |
| US BANK, TRUST CO.,N.A., AS TRUSTEE AS SUCCESSOR IN INTEREST TO US BANK, N.A., AS TRUSTEE FOR THE EMC MORTGAGE LOAN TRUST 2004-A, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-A,<br><br>Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

AND NOW, comes Defendant, US Bank, N.A., as trustee for the EMC Mortgage Loan Trust 2004-A, Mortgage Pass-through Certificate Series 2004-A, operating in this case through its servicer Select Portfolio Servicing, Inc., (hereinafter referred to as "Defendant" or the "Trust"), by and through its undersigned Counsel, and submits this Memorandum of Law in support of Plaintiff's Reply for an order granting the Motion of Defendant to Dismiss Plaintiff's Adversary Complaint (the "Motion").

## I. ARGUMENT

Even accepting the Complaint's allegations as true, Sheila Henry ("Plaintiff" or the "Debtor") theory fails. The Complaint plays fast and loose with how the loan was treated, by both sides, as an ongoing, enforceable secured debt for years. Debtor's attempted analogy to unsecured "credit-card judgment" concepts is inapposite because this case concerns a perfected

real-property security interest (and, at most, an *in rem* foreclosure judgment that derives from and relates back to the mortgage lien), not an unsecured consumer claim. Finally, even if the Court were to perceive a curable procedural defect in the 2004 state-court praecipe history, the appropriate remedy is not lien avoidance by judicial fiat; it is dismissal (or dismissal with leave) coupled with leave to amend and a narrow, practical roadmap to cure the state-court caption/judgment-creditor record through substitution practice in the Philadelphia Court of Common Pleas.

## A. THE CHAIN OF ASSIGNMENTS SUPPORTS THE TRUST'S PERFECTED SECURITY INTEREST

Debtor's argument improperly elevates form over substance by insisting that Defendant must produce a formal "assignment of judgment" from Wachovia to enforce the lien. That is not the law. Under Pennsylvania law, the right to enforce a mortgage and any corresponding foreclosure judgment follows the ownership of the underlying debt obligation, not the name appearing on a decades-old docket entry. *See U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 995 (Pa. Super. Ct. 2009).

Here, Claim No. 3 includes the note, the recorded mortgage, and a complete chain of assignments demonstrating transfer of the debt from Wachovia to Defendant. *See* Motion to Dismiss Ex. B. Those assignments necessarily carry with them the security interest securing that debt. *Id.*

Debtor's merger-based argument conflates enforcement mechanics with ownership of the obligation. The continuous chain of assignments establishes that Defendant is the current holder of the debt and the corresponding lien interest, whether or not the mortgage morphed into the foreclosure judgment. The assignments are evidence of the chain of ownership of the underlying

debt owed by the Debtor. In fact, it was enough for the Debtor to make multiple payments over the years to the Trust. *See id.* To hold otherwise would ignore both the realities of mortgage transfers and the principle that the lien follows the debt.

**B. DEBTOR'S REFERENCES TO A CREDIT CARD CASE IS A SLIGHT OF HAND**

Debtor's reliance on credit-card and other unsecured-claim analogies fails at the threshold because this case concerns a real-property security interest, a recorded mortgage, and, at most, its *in rem* embodiment in a foreclosure judgment, not an unsecured consumer debt reduced to a money judgment. *Compare Johnson v. Home State Bank*, 501 U.S. 78, 83–84 (1991); *with* Memo. of Law at 5.

Put simply, a credit-card claim is typically unsecured and depends on the debtor's personal liability. By contrast, a mortgage claim is secured by a recorded interest in real property and remains enforceable in rem unless and until it is satisfied, released, or avoided under a specific provision of the Bankruptcy Code applicable to the facts. *See Johnson*, 501 U.S. at 83–84.

**C. A STAY RATHER THAN LIEN AVOIDANCE IS PROPER**

In the alternative, to the extent this Honorable Court determines that the chain of assignments does not satisfy the Court's requirements to demonstrate ownership of the debt and foreclosure judgment, Defendant respectfully requests that the Court stay these proceedings to permit Defendant to seek appropriate relief in the state court, including filing a praecipe to substitute the judgment or otherwise correct the record.

Defendant does not concede that the 2004 filings were procedurally improper. However, even accepting Plaintiff's position for purposes of the Motion, any defect identified by the Court

would be procedural in nature and readily curable. Under such circumstances, dismissal or avoidance of the lien would be an inequitable result where a valid underlying debt, a continuous chain of assignments, and decades of payment history are undisputed.

A brief stay to allow correction of the state court record would promote judicial economy and ensure that the parties' rights are adjudicated on the merits rather than on a technical procedural issue.

## II. CONCLUSION

Under such circumstances, permitting avoidance of the lien based solely on a procedural irregularity, despite an undisputed debt, continuous assignment history, and decades of performance, would elevate form over substance. Thus, the Motion must be granted.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: *_/s/ Nicholas F. Borsuk_*
Nicholas F. Borsuk
Pa. ID. No. 316297
Benjamin P. Sheppard
Pa. ID. No. 331569
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000

Date: April 8, 2026